**Ernest Anthony GRAVES, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden; Attorney General of the State of California, Respondents—Appellees.**

**No. 00–55311.**

**D.C. CV–99–01492–AHM.**

United States Court of Appeals, Ninth Circuit.

Submitted [1] April 3, 2002.

Decided April 15, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge [2].

MEMORANDUM [3]

Earnest Anthony Graves, a prisoner in state custody, appeals the denial of his petition for habeas corpus. We granted a certificate of appealability limited to the issue of whether state appellate counsel was constitutionally ineffective for failing to argue that Graves' Sixth Amendment rights to confrontation and cross-examination were violated by admission of a co-defendant's out of court statement at trial. The district court had jurisdiction over the

---

1. The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

2. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

petition by virtue of 28 U.S.C. § 2254; we have jurisdiction over the appeal by virtue of 28 U.S.C. § 2253(c)(3). We affirm the denial of the writ.

The facts are well known to the parties and will be repeated only so far as is necessary to explain our decision. At Graves' state court murder trial, an out of court statement of his co-defendant Terry Hemal Jordan was permitted into testimony. Shortly before the murders, Jordan allegedly said to co-defendant Delano Johnson, in prosecution witness Alan Marsh's presence, that "[Graves] say that we can jack 'em.'" The meaning of this statement was that Graves was telling Jordan and Johnson to either kill the victims or steal the cash they were carrying in a shoe box. Jordan did not testify and thus was not subject to cross-examination.

On direct appeal, counsel for Graves did not raise a *Bruton* argument. In *Johnson's* direct appeal the issue was raised, leading that court to note:

> Preliminarily, we question whether the parties have correctly framed the issue. The statement was an out-of-court statement by Jordan, purporting to recount an out-of-court statement by Graves. As to *Graves*, if offered to show that he *actually* authorized a robbery, the statement would be hearsay. As to defendants Johnson and Jordan, however, the statement arguably was relevant and admissible for the nonhearsay purpose of showing that it was made.

Given the California appellate court's statement, Graves argues it was ineffective assistance for his appellate counsel to fail to raise the issue in his appeal.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell,* 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)(quoting *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the *Strickland* court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial [or in case, appeal] ... whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. More precisely, petitioner must show that (1) his attorney's performance was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.

Under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and its progeny, the admission of a hearsay confession of a non-testifying co-defendant violates the defendant's rights under the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant. *Id.* at 135–36, 88 S.Ct. 1620; *Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (limiting *Bruton* to statements that are incriminating on their face or expressly incriminating since statements that only become incriminating when linked with other evidence are inherently less prejudicial). However, where the hearsay statement sought to be introduced falls within the co-conspirator exception to the hearsay rule, there can be no separate Confrontation Clause challenge. *Bourjaily v. United States,* 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Under *Bourjaily,* where, as here, the hearsay statement is made in the course and in furtherance of the conspiracy, the Confrontation Clause does not re-

quire a court to embark upon an independent inquiry into the reliability of the statements. *Id.*

The failure of Graves' appellate counsel to raise a *Bruton* issue was not ineffective assistance since, under *Bourjaily*, any such argument would have been futile. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996) (failure to take a futile action can never be deficient performance), *cert. denied*, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 894 (1997). As the state trial court determined that Marsh's testimony was admissible under California's co-conspirator exception[4], there was no additional Confrontation Clause argument for appellate counsel to pursue. Accordingly, the petition for writ of habeas corpus was properly denied by the district court.

AFFIRMED.

---

4. The propriety of this ruling was raised and affirmed on direct appeal in the California courts.

